UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:19-CV-00045-HBB

**MICHAEL SMITH**                                                                                 **PLAINTIFF**

**VS.**

**ANDREW SAUL,**
**Commissioner of Social Security[1]**                                             **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Michael Smith seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 14) and Defendant (DN 20) have filed a Fact and Law Summary. For the reasons that follow, the undersigned orders that judgment be granted for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered July 12, 2019 (DN 12), the parties were notified that oral arguments would not be held unless a written request was filed and granted. No such request was filed.

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed.R.Civ.P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

FINDINGS OF FACT

Smith filed an application for a period of disability and disability insurance benefits on August 31, 2016 (Tr. 290-96). Smith alleged that he became disabled on August 13, 2015 as a result of broken back-herniated/spinal disc and shoulder surgery on the left rotator cuff (Tr. 314). Administrative Law Judge David Peeples ("ALJ") conducted a hearing on June 26, 2018 via video conference presiding from Paducah, Kentucky. Smith appeared from Madisonville, KY. Smith was represented by Brian Newlin, an attorney, and Sean P. Sullivan, a non-attorney representative. Also present and testifying was Theresa Wolford, an impartial vocational expert.

In a decision dated October 24, 2018, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 47-56). At the first step, the ALJ found Smith has not engaged in substantial gainful activity since August 13, 2015, the alleged onset date (Tr. 49). At the second step, the ALJ determined that Smith's spine degeneration, status post discectomy/hemilaminectomy resection and fixation, left rotator teat, status post shoulder arthroscopy with subacromial decompression and rotator cuff repair are "severe" impairments within the meaning of the regulations (Tr. 49). At the third step, the ALJ concluded that Smith does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 50).

At the fourth step, the ALJ found Smith has the residual functional capacity to perform a limited range of light work (Tr. 50). More specifically, the ALJ found that Smith can not frequently climb ramps and stairs; never climb ladders, ropes, or scaffolds; can balance frequently, but only occasionally stoop, kneel, and crouch; can never crawl; can frequently reach overhead with the left (non-dominate) upper extremity; and must avoid concentrated exposure to vibrations and hazards (i.e. unprotected heights and moving mechanical parts) (Tr. 50). Relying on testimony

from the vocational expert, the ALJ found that Smith is capable of performing past relevant work as a Quality Assurance Monitor (Tr. 55). Because the ALJ found Smith could perform past relevant work, he did not need to proceed to the fifth step.

Smith timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 335-342). The Appeals Council denied Smith's request for review of the ALJ's decision (Tr. 1-4).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered

the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

Smith presents just one argument to this Court: that new and material evidence is available that was not reviewed by the ALJ and is relevant to his claims. Smith argues the new evidence demonstrates the he cannot perform light work and the case should be remanded to the Commissioner for an award of benefits (DN 14 PageID # 614). In response, the Commissioner requests the Court enter judgment affirming the ALJ's decision. The Commissioner argues that Smith has not shown that the evidence is new and material and has failed to demonstrate good cause for not submitting the evidence before the ALJ issued his decision (DN 20 PageID # 628).

The evidence at issue is various medical records generated between February 2017 and October 24, 2018—the date the ALJ issued his ruling. After Smith's claim was denied, he retained new counsel who gathered the evidence and submitted it to the Appeals Council. The Appeals Council considered the evidence, but nevertheless denied Smith's appeal (Tr. 1-4). Smith now requests his case be remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g). Under sentence six of 42 U.S.C. § 405(g), the Court does not address the correctness of the administrative decision. Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991), Hollon ex rel. Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 483 (6th Cir. 2006). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and the new evidence might have changed the outcome of the prior proceeding." Melkonyan, 501 U.S. at 98. The party seeking remand bears the burden of demonstrating that there is "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g); *see also*, Cline v.

5

Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174-175 (6th Cir. 1994). This Court may not reverse an ALJ's decision based on evidence first submitted to the Appeals Council, but it may consider the merits of that evidence when considering a sentence six remand. Cotton v. Sullivan, 2 F. 3d 692, 696 (6th Cir. 1993). The party requesting remand bears the burden of showing the new evidence warrants remand. Oliver v. Sec'y of HHS, 804 F.2d 964, 966 (6th Cir. 1986).

Evidence is "new" only if it was "not in existence or available to the claimant at the time of the administrative proceeding." Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990); Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 276 (6th Cir. 2010); Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001). Evidence is "material" if there is "a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." Ferguson, 628 F.3d at 276; Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1988). Notably, evidence is not considered material if it merely depicts an aggravation or deterioration in an existing condition. Sizemore, 865 F.2d at 712. "Good cause" is demonstrated by showing a reasonable justification for the failure to acquire and present the evidence to the Administrative Law Judge. Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001). The Sixth Circuit has also indicated that "good cause" is "shown if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." Koulizos v. Sec'y of Health & Human Servs., No. 85-1654, 1986 WL 17488, at *1 (6th Cir. Aug. 19, 1986) (citing Wilson v. Sec'y of Health & Human Servs., 733 F.2d 1181 (6th Cir. 1984) and Willis v. Sec'y of Health & Human Servs., 727 F.2d 551 (6th Cir. 1984)). The failure to establish any of these elements—new, material, and good cause—is fatal to

the moving party's requests. Glasco v. Comm'r of Soc. Sec., 645 F. App'x 432, 435 (6th Cir. 2016).

The Court will first address whether the disputed evidence is new. The ALJ issued his opinion on October 24, 2018. Evidence in existence or available to the claimant on or before this date cannot be considered new. See Sullivan, 496 U.S. at 626 (1990). The vast majority of the records at issue were available to Smith before October 24, 2018. Some of the records are notes from post-surgery follow-up visits to ProRehab throughout January 2017 (Tr. 176-187). Others are treatment notes from various treating providers from appointments between October 4, 2018 and March 13, 2017 (Tr. 61-147). There are some treatment reports detailing visits to doctors discussing imaging of Smith's spine. These visits took place throughout October 2018 (Tr. 28-43). One record in this group pertains to a visit that occurred on October 23, 2018, one day before the hearing. Only a post-surgical follow up visit (Tr. 14), an Operative Report (Tr. 16), some follow-up treatment notes (Tr. 17-27) post-date the October 24, 2018 hearing decision. Therefore, only pages 14-28 in the case record are "new" records that can be considered for sentence six remand.

None of the "new" evidence is material. Evidence is material if there is a "reasonable probability the ALJ would have reached a different conclusion on the question of disability if he was presented with the new evidence. The first record is a post-surgical follow up with a nurse practitioner for a "wound check." The notes reflect Smith recovered well. The nurse recommended Smith begin reducing his doses of pain medication (Tr. 14-15). The second is an operative report from Dr. Neil Troffkin. The report merely documents the Smith's surgery and states he "tolerated the procedure well. There were no complications" (Tr. 16-17). The third record is notes from a visit to Dr. Briones on December 4, 2018 for chronic pain and medication

monitoring (Tr. 18-22). Smith did report pain in his middle and lower back, but that it was alleviated by rest and medication (Tr. 18). Smith's gait was determined normal (Tr. 19). His lumbar spine alignment was diagnosed as normal and he had full range of motion in his spine and hip (Tr. 19). The fifth record is a follow up visit with Marcia Atherton, APRN on November 11, 2018, again for chronic pain and medication management (Tr. 23-28). Again, Smith reported pain that was ameliorated by rest and medication (Tr. 23). Again, Smith presented a normal gait. His lumbar spine alignment was normal, and he had full range of motion in his spine and hip (Tr. 24-25). The final record is a neurological follow up with Dr. Troffkin on October 23, 2018 (Tr. 28). Dr. Troffkin noted no physical changes since previous visits (Tr. 28). He did recommend removing screws from his back and cutting rods from the L2 level to alleviate some leg pain and numbness (Tr. 28). But Smith recovered well from that procedure and reported his leg pain and numbness resolved (Tr. 14-15).

None of these records creates a reasonable probability that the ALJ would have found Smith disabled should he have considered the evidence. The ALJ noted that Smith was receiving very conservative care in the form of pain management. Smith reported he was able to lift and carry up to 25 pounds and had 90% function in his shoulder and was able to reach in all directions without significant restriction (Tr. 51). The ALJ emphasized that Smith has endured "no significant exacerbations" of his conditions and he has "responded very well to his treatment" (Tr. 54). Objective imaging consistently showed stable findings (Tr. 54). The ALJ found Smith's medical impairments could reasonably be expected to cause the alleged symptoms, but not to the extent complained of by Smith. None of the new records dispute that finding, in fact Smith reported "resolved pain and numbness" in his most recent appointment with Dr. Troffkin (Tr. 14-15).

None of the additional evidence submitted by Smith is new and material, therefore sentence six remand must be denied.  The Court notes that Smith has also failed to establish good cause for failing to present the evidence to the ALJ before he issued his decision.  Smith does mention that the records were created after the hearing date, but before the ALJ issued his decision, and therefore could not have been available at the time of the hearing.  But, Smith's previous counsel did not request that the record remain open beyond the hearing for submission of additional evidence.  See Smith v. Comm'r of Soc. Sec., 473 F. App'x 443, 446 (6th Cir. 2012).  Smith testified at the hearing that the record was complete (Tr. 151-52).  Smith could have requested the record be held open beyond the hearing for submission of additional evidence to be considered before the ALJ issued his opinion but failed to do so.  Smith offers no other explanation other than the failure of his previous counsel, which is insufficient.  See Cline v. Comm'r of Soc. Sec., 96 F.3d 146 (6th Cir. 1996).

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

December 20, 2019

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:     Counsel